**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Burton and Barbara Gammons,<br><br>Plaintiffs,<br><br>vs.<br><br>Real Property Investment Services, Inc.,<br>an Arizona Corporation, doing business as<br>RPI Services,<br><br>Defendant. | No. CV-10-8081-PCT-LOA<br><br>**ORDER** |

This case arises on Defendant's Motion to Dismiss Plaintiffs' Sixth Cause of Action (negligent hiring, supervision and retention). (Doc. 9) Plaintiffs oppose the Motion, doc. 21, to which Defendant has not replied. After considering the parties' briefing, the Court will grant Defendant's Motion and will deny Defendant's request for oral argument as unnecessary. *Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (the briefing is adequate and oral argument would not aid the Court).

**I. Background**

On May 20, 2010, Plaintiffs Michael Burton and Barbara Gammons (collectively "Plaintiffs") filed this Title VII discrimination action, alleging separate claims of sexual harassment, racial discrimination, and retaliation by their former employer, Defendant Real Property Investment Services, Inc., doing business as RPI Services ("RPI"), in connection with their employment in maintaining and cleaning RPI's residential

apartments in Flagstaff, Arizona. (Doc. 1 at 3-10) Plaintiffs' Sixth Cause of Action alleges the only pendent State law claim of negligent hiring, negligent supervision and negligent retention. (*Id.* at 9) Plaintiffs seek compensatory and punitive damages for, among others, violations of Title VII, the Fair Housing Act, and negligent hiring, supervision and retention and request awards for their attorneys' fees and court costs. (*Id.* at 9-10) Prior to filing an answer and before the Court set the Rule 16 scheduling conference, RPI filed the pending Motion on June 28, 2010. RPI has also filed a motion to sever Plaintiffs' claims which will be addressed by separate order. Plaintiffs and Defendant have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c). (Docs. 6, 17)

Plaintiff Gammons alleges that while employed in RPI's housekeeping department, she was subjected to "sexual harassment [that] was both severe and pervasive in that it happened on a near daily basis." (Doc. 1 at 3) The Complaint alleges specific incidents allegedly committed by Bruce Trease, a co-worker. She alleges "much of the sexual harassment occurred in the presence of Dina Samora, manager, who did nothing to stop the conduct . . . [and] sexually offensive and hostile comments were also made in front of Amy Smith, operations manager, and Gary Wilcox, facilities manager, and nothing was ever done to stop the severe and pervasive sexual harassment." (*Id.*) Further, when she complained about the sexually hostile work environment, RPI allegedly retaliated by reducing her pay and reassigning her to work and live at a less desirable property. (*Id.* at 4)

Plaintiff Michael Burton, an African-American employed by RPI as a maintenance technician, alleges "he was subjected to unwanted and offensive racial harassment that was both severe and pervasive," with specific factual examples set forth in the Complaint. (*Id.* at 5) He alleges he "was subjected to severe and pervasive racial discrimination from residents of the property at which he worked and Gary Wilcox, facilities manager, and Plaintiff's direct supervisor." (*Id.*) He alleges "Mr. Wilcox often made racially offensive remarks on a near daily basis about African-American employees always being sick and other types of racial stereotypes." (*Id.*) He alleges that when he "complained about the harassment he suffered retaliation by being denied sick and bereavement time of (sic)

comparable to other employees, being given poor evaluations and ultimately terminated." (*Id.* at 5-6)

Citing Rule 12(b)(1) and (6), Fed.R.Civ.P., Defendant RPI contends that Plaintiffs' Sixth Cause of Action "is barred by Arizona's workers' compensation scheme. . . [and] must be dismissed because Arizona['s] statutory and case law provide[] that Plaintiffs' exclusive remedy for this claim is Arizona's workers' compensation scheme." (*Id.* at 1-2) RPI cites Arizona Revised Statute ("A.R.S.") § 23-1022(A),[1] and several Arizona and District of Arizona cases that "preclude an employee from bringing a tort action based on negligent workplace conduct, including negligent hiring, supervising and retaining." (*Id.* at 2) RPI cites *Gamez v. Brush Wellman*, 201 Ariz. 266, 34 P.3d 375, 378 (Az.Ct.App. 2001) ("It is well settled that work-related injury claims are generally addressed exclusively under Arizona's workers' compensation scheme."); *Irvin Investors, Inc. v. Superior Court*, 166 Ariz. 113, 800 P.2d 979, 981-982 (Az.Ct.App. 1990) (holding that plaintiff's negligence claims against her former employer were barred by Arizona's workers' compensation law, "which provides the exclusive remedy for workers injured on the job."); *Hunley v. Orbital Sciences Corporation*, 2006 WL 2460631 (D. Ariz. 2006); *St. George, v. Home Depot USA, Inc.*, 2006 WL 3147661 (D. Ariz. 2006); *Mosakowski v. PSS World Med., Inc.*, 329 F.Supp. 2d. 1112, 1131 (D.Ariz. 2003) ("Because, pursuant to the holding in *Irvin Investors*, Arizona law precludes an employee from bringing a tort action based on negligent hiring and negligent retention against their employer, Defendant is entitled to judgment as a matter of law in its favor on Plaintiff's claim of negligence."). (*Id.*)

Plaintiffs oppose dismissal, relying on *Ford v. Revlon, Inc.*, 153 Ariz. 38, 44, 734 P.2d 580, 586 (Ariz. 1987) and *State, Dept. of Admin. v. Schallock*, 189 Ariz. 250, 941 P.2d 1275 (Ariz. 1997), a seminal Arizona case dealing with sexual harassment in the

---

[1] Arizona law provides that "[t]he right to recover compensation pursuant to this chapter for injuries sustained by an employee ... is the *exclusive remedy* against the employer or any co-employee acting in the scope of his employment . . . ." A.R.S. § 23-1022(A) (emphasis added).

- 3 -

workplace and whether an employee's conduct was incidental to his position and authority so as to preclude summary judgment for the employer based on vicarious liability. (Doc. 21 at 2-3)

Plaintiffs argue "[t]he *Ford* decision considered an emotional distress claim in the context of a sexual harassment case, [wherein] the Defendant argued that Arizona's Workers' Compensation law preempted the emotional distress claim. The Court held the following:

> Revlon contends that this matter is controlled by Arizona Workers' Compensation laws and not by tort law. We disagree. Ford's severe emotional distress injury was found by the jury to be not unexpected and was essentially nonphysical in nature. As the trial court stated: Evidence established that this tort was committed through defendant's action and inaction to plaintiff's complaints made over a period in excess of eight months. Such action and inaction and the resulting emotional injury to the plaintiff were therefore not "unexpected," accidental, or physical in nature so as to limit plaintiff's recovery to the workmen's compensation claim under A.R.S. §§ 23-1021(B) and 1043.01(B)."

(*Id.* at 2) Plaintiffs contend their "situation is much more in line with the *Ford* decision[]" than the *Irvin* case and *Ford*, decided by the Arizona Supreme Court, should be controlling. (*Id.*) Plaintiffs, however, fail to mention or attempt to distinguish the persuasive District of Arizona cases cited by RPI.

## II. Jurisdiction

This District Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) based on Plaintiffs' Title VII claims. It also has pendent or supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a). *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

## III. Arizona law controls state law claims

When a federal district court exercises jurisdiction over a pendent state law claim, it is "bound to follow an interpretation of state law by the highest state court." *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 904 (9th Cir.1983); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

/ / /

**IV. Legal Standards for Dismissal Under Fed.R.Civ.P. 12(b)(1) and 12(b)(6)**

Rule 12(b) provides in part:

How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

\*        \*        \*        \*        \*

(6) failure to state a claim upon which relief can be granted . . . .

Rule 12(b)(1), (6), Fed.R.Civ.P.

A Rule 12(b)(6) motion tests the legal sufficiency of a claim asserted in a complaint. *Wells v. Kearney*, 2009 WL 2870060, \* 3 (D.Ariz. 2009). A Rule 12(b)(6) dismissal of a claim is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In deciding a motion to dismiss under Rule 12(b)(6), a district court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and it must accept all well-pleaded factual allegations as true. *Burge v. Freelife Intern., Inc.*, 2009 WL 3872343, \* 4 (D.Ariz. 2009) (citing *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)); *Wyler Summit Partnership v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir.1998).

A Federal Rule of Civil Procedure 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may either attack the allegations of the complaint ('a facial attack') or be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact ('a factual attack')." *Krasemann v. United States*, 2008 WL 2262437, \* 1 (D.Ariz. 2008) (citing *Thornhill Pub. Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the

1 allegations that, by themselves, would otherwise invoke federal jurisdiction." *White*, 227
2 F.3d at 1242. Where, as here, defendant brings a facial attack on the subject matter
3 jurisdiction of a district court, the court assumes the factual allegations in the complaint are
4 true and draws all reasonable inferences in plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066,
5 1073 (9th Cir. 2009). A defendant's immunity from suit may be raised on a Rule 12(b)(1)
6 motion to dismiss. *Cooke v. Federal Bureau Of Investigation*, 2009 WL 3188470, * 2
7 (D.Ariz. 2009) (The Federal Tort Claims Act is the exclusive remedy for tortious conduct
8 by the United States, and it only allows claims against the United States. Although such
9 claims can arise from the acts or omissions of United States' agencies, an agency, like the
10 FBI, cannot be sued under the FTCA.).

11 "Claims raised under Rule 12(b)(1) should be addressed before other reasons
12 for dismissal filed under Rule 12(b)(6)." *Felix v. Pic-N-Run, Inc.*, 2010 WL 1856347, * 2
13 (D.Ariz. 2010) (citing Wright and Miller, § 1350, 209-10 ("[W]hen the motion is based on
14 more than one ground, the court should consider the Rule 12(b)(1) challenge first since if it
15 must dismiss the complaint for lack of subject matter jurisdiction, the accompanying
16 defenses and objections become moot and do not need to be determined.")).

17 Assuming the factual allegations in the Complaint are true and drawing all
18 reasonable inferences in Plaintiffs' favor under either a Rule 12(b)(1) or a Rule 12(b)(6)
19 analysis, Defendant's Motion is well taken and will be granted.

20 **V. Discussion**

21 As this Magistrate Judge wrote in *St. George* in 2006, "Plaintiffs' reliance on
22 *Ford* is misplaced because, simply stated, *Ford* dealt with an intentional theory of liability
23 and Plaintiffs herein allege negligence theories of negligent hiring, supervising and
24 retaining." *St. George*, 2006 WL 3147661 at 5. In *Ford*, the Arizona Supreme Court held
25 that plaintiff's tort claim for intentional infliction of emotional distress against her employer
26 was not barred by Arizona's workers' compensation laws. This claim arose from Ford's
27 employer's failure to respond to her complaints, made over a period of over eight months,
28 that her supervisor had committed repeated and flagrant acts of sexual harassment. *Ford*, 734

P.2d at 586. The majority of the Arizona Supreme Court reasoned that plaintiff's "emotional distress and her development of physical complications caused by her stressful work environment" did not result from an "accident" within the meaning of A.R.S. § 1021(B),[2] but were caused by intentional acts, largely due to the length of time over which the injuries were sustained. *Id.*

Conversely, *Irvin Investors*, decided by the Arizona Court of Appeals with review denied, involved a female employee at a fast-food restaurant who was sexually assaulted, on two occasions, by a male co-worker who had previously molested another employee at the restaurant. Her lawsuit against her employer was for the psychological injuries she suffered and was based on a claim of negligent hiring, supervising and retaining the employee who caused her injury. This claim was dismissed as barred by Arizona's workers' compensation laws. 800 P.2d at 981-982. The court in *Irvin Investors* addressed plaintiff's claim of negligent retention and hiring, the same claim pled by Plaintiffs in this case, while the *Ford* case addressed a claim for intentional infliction of emotional distress, which requires that plaintiff show that defendant's acts were intentional, i.e., that defendant's acts *per se* fit the exception to the exclusive remedy provision of Arizona's workers compensation statute. *Ford* and *Irvin Investors* may be reconciled that a negligence claim for injury arising in the workplace is precluded by Arizona's workers' compensation scheme while a claim for intentional infliction of emotional distress is not. *St. George*, 2006 WL 3147661 at 5.

*State, Dept. of Admin. v. Schallock*, 189 Ariz. 250, 941 P.2d 1275 (Ariz. 1997) is also not helpful to the Plaintiffs. The portion of *Schallock* quoted in Plaintiffs' Response, doc. 21 at 3, makes it appear that plaintiff's favorable verdict was predicated upon the jury's

---

[2] A.R.S. § 23-1021(B) provides, in relevant part:
Every employee who is covered by insurance in the state compensation fund and who is injured by *accident* arising out of and in the course of employment . . . shall be paid such compensation . . . .

A.R.S. § 23-1021(B) (emphasis added).

finding that APAAC, the employer, was directly liable for its negligent hiring, supervision, and retention of the tortfeasor-employee. There is nothing in *Schallock*, however, to indicate the issue *sub judice* was raised either in the trial court or the Arizona Supreme Court.

Similar to the claims alleged in *Irvin Investors*, *St. George* and *Mosakowski*, because Plaintiffs' Sixth Cause of Action alleges that RPI's negligent hiring, supervising and retaining caused Plaintiffs' injuries in the workplace, such claims are barred by Arizona's workers' compensation scheme.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Sixth Cause of Action, doc. 9, is **GRANTED** and Plaintiffs' Sixth Cause of Action is hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant's request for oral argument, doc. 9 at 1, is **DENIED** as unnecessary.

Dated this 27th day of July, 2010.

Lawrence O. Anderson
United States Magistrate Judge